UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

DAHLCO SEEDS, INC.

Plaintiff

vs.

FMC CORPORATION

Defendant

Case No. 01-968 DSD/SRN

**CONSENT PROTECTIVE ORDER**

The parties maintain information and documents they claim to be confidential due to their proprietary nature, which may be subject to discovery requests in this action. The parties also reasonably anticipate that any non-parties who may be subpoenaed to provide documents, information, or testimony in this action might also assert the information or documents requests of them is similarly confidential. To balance the interests of the parties, and of any non-parties, in maintaining the confidentiality of proprietary information with the rights of the parties to obtain relevant information through discovery in this action,

IT IS HEREBY ORDERED THAT,

1. This Order shall govern all drawings and other confidential documents, test results or things produced by FMC Corporation ("FMC"), and deposition testimony regarding any such documents, test results, drawings or things.

2. Documents deemed "Confidential" shall be Bates-stamped with a designation so as to clearly indicate their status as "Confidential" documents.

FILED NOV 0 2 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. All testimony, information and documents deemed "Confidential" shall be used solely in connection with pre-trial proceedings, preparation for trial, trial or other proceedings in this litigation only, and not for any other purpose. Such testimony and information shall not be divulged or disclosed to persons other than those qualified pursuant to the terms of this Order.

4. Confidential testimony, information and documents and any copies thereof, and notes made therefrom, shall be disclosed only to "qualified persons." Qualified persons are limited to:

a. counsel of record for the plaintiff;

b. the paralegals and clerical staff employed by counsel of record for the preparation of and trial of this action;

c. the Court and all Court personnel, including court reporters, in the conduct of their official duties; and

d. the plaintiff and any expert witnesses employed by the plaintiff.

No disclosure of confidential information shall be made to any person including "qualified persons" described in subparagraph d herein until such person has been informed by the attorney intending to disclose the Confidential Information of the provisions of this Consent Proective Order and, such person, prior to any disclosure of Confidential Information, has executed a "Written Assurance" in the form of Exhibit A attached hereto. Parties may disclose their own confidential information to any person without complying with the provisions of this protective order; however, circumstances of such disclosure shall be taken into account by the parties, their attorneys and the court in determining whether an item is confidential for purposes of this protective order.

5. Should counsel for plaintiff desire to provide confidential testimony, information and documents to anyone in addition to qualified persons, as defined in Paragraph 4 above ("additional persons"), then, in that event, counsel for plaintiff shall provide counsel for FMC seven days prior notice of its intent to provide such confidential testimony, information and documents, including providing counsel for FMC with the name and address of the additional person(s) and a copy of a "Written Assurance" in the form of Exhibit "A," attached hereto, executed by the person. If counsel for FMC files an objection with the Court within that seven day period, then such confidential testimony, information and documents will not be disclosed pending a ruling by this Court. If the Court rules that such confidential testimony, information and documents are to be provided to such additional person(s), then the executed "Written Assurance" of additional person(s) shall be immediately filed with the court and served upon counsel.

6. Each party's counsel shall maintain a list of names, business titles, and business addresses of all persons, excluding counsel of record and counsels' law firm personnel, to whom Confidential documents, information, or testimony is disclosed.

7. This Consent Protective Order prohibits the disclosure of Confidential documents, information, or testimony, and also prohibits the discussion of such Confidential documents, information, or testimony with any person to whom disclosure is not specifically authorized pursuant to this Consent Protective Order.

8. Confidential testimony, information or documents may be referred to or incorporated in documents, including briefs, affidavits or interrogatories filed with this Court. In that event, such confidential documents are to be placed under seal and prominently marked "Confidential documents

subject to Protective Order" or with a similar designation. The parties agree to undertake in good faith to negotiate mutually acceptable procedures to protect against disclosure of Confidential documents or information in connection with any hearing regarding this action or the trial of this action.

9. The designation of "confidential" by the producing party shall not prevent another party from contesting the designation of any material by written motion filed with the Court. If a party contests the "confidential" designation of material produced or testimony given, the producing party shall bear the burden of demonstrating that the material is confidential and should continue to be protected from disclosure by this order. However, the contested material shall be treated as confidential and shall remain subject to the provisions of this order until such time as the Court, after hearing from both sides, specifically rules otherwise.

10. Upon request of FMC, within sixty (60) days of the final termination of this action, testimony and information designated confidential, including each copy thereof, and each document and copy thereof which incorporates, in whole or in part, any information designated as confidential, including, but not limited to, notes or summaries concerning or pertaining to such confidential information and documents shall be returned to FMC.

11. The restrictions contained herein with respect to the communications and disclosure to others of confidential testimony, information and documents shall continue in full force and effect during the pendency of and following conclusion of this case, and shall be duly binding upon each receiving party, its counsel and employees.

12. Nothing in this Consent Protective Order shall diminish FMC's right to contest that the documents, information, or testimony produced herein without a designation of "Confidential" are nonetheless confidential or proprietary and subject to appropriate protection under applicable law. The procedures established by this Consent Protective Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document, information or testimony or to contest FMC's designation of a document or testimony as confidential.

SO ORDERED, this 30 day of October, 2001.

Susan Richard Nelson

Magistrate Judge Susan R. Nelson

AGREED TO AND APPROVED
FOR ENTRY

Michael M. Fluegel

Michael M. Fluegel
Attorney for Plaintiff Dahlco Seeds, Inc.

Michael E. McWilliams

Michael E. McWilliams
Attorney for Defendant FMC Corporation

EXHIBIT
A

**WRITTEN ASSURANCE**

STATE OF ____________________

COUNTY OF __________________

I, ________________________________, hereby attest to my understanding that the testimony, information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of , 2001 in ***Dahlco Seeds, Inc. v. FMC Corporation***, Case No. 01-968 DSD/SRN, United States District Court, District of Minnesota; that I have been given a copy of and have read that Protective Order and have had its meaning and effect explained to me by the designated attorney receiving the testimony, information, or documents; and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such testimony, information or documents including notes or other memoranda or writings regarding information contained in them, and that such testimony, information or documents shall be used only for the purpose of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such testimony, information or documents will continue even after the termination of this legal proceeding. I further agree and understand that the documents, information, or testimony I receive are to remain in my personal custody until I have completed my assigned duties and/or the completion of this litigation, whereupon they are to be returned to counsel who provided them to me. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for

such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court for the District of Minnesota, in and for any contempt proceedings or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_________________________________

SUBSCRIBED AND SWORN to before me, this ________ day of ____________________, 2001.

_________________________________
Notary Public

921421.1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.