**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Dahlco Seeds, Inc.,** **Civil No. 01-986 (DSD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**FMC Corporation,**

**Defendant.**

---

Michael M. Fluegel, Esq., on behalf of Plaintiff.

Michael E. McWilliams, Esq. and Steven C. Eggimann, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on January 7, 2002, on Plaintiff's Motion to Amend its Complaint (Doc. No. 10).

This Order addresses that Motion.

## I. MOTION TO AMEND ANSWER AND COUNTERCLAIMS

### A. Background.

On May 7, 2001, Plaintiff filed its Complaint in the Tenth Judicial District of Minnesota. Plaintiff's Complaint included claims for[1]: (1) breach of express and implied warranties; (2) negligent failure to warn; and (3) negligent misrepresentation in violation of Minn. Stat. § 325F.67, and other state and federal labeling and registration laws. On June 1, 2001, Defendant

---

[1]Plaintiff's Complaint does not include specific counts, but paragraphs 10-13 enumerate the individual claims.

FILED FEB 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

removed the case to the United States District Court for the District of Minnesota.[2]

The June 22, 2001 Pretrial Scheduling Order provides that all motions which seek to amend the pleadings or add parties must have been served by December 3, 2001, and that discovery is to be completed by October 1, 2002. Plaintiff served and filed the present motion on December 3, 2001. In its motion Plaintiff seeks to identify itself as Dahlman Farms, Inc. f/k/a Dahlco Seeds, Inc. Plaintiff also seeks to add the following claims: (1) consumer fraud in violation of Minn. Stat § 325F.69, for which there is a private cause of action under Minn. Stat. § 8.31, subd. 3(a); (2) strict liability for marketing a defective product; and (3) negligent testing and labeling.

**B. <u>Discussion.</u>**

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule, the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. <u>Buder v. Merrill Lynch, Pierce, Fenner & Smith</u>,

---

[2]Defendant removed the case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

644 F.2d 690, 694 (8th Cir. 1981). Even if the adverse party would suffer some prejudice if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if the motion were denied. Id.

The Eight Circuit has held that "[a]lthough amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In particular, leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder, 644 F.2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

Plaintiff states that it has brought an appropriate motion within the Pretrial Scheduling Order deadline. Further, Plaintiff explains that it has sufficiently pleaded the elements for a strict liability claim, and for negligent testing and labeling under Minnesota law. Plaintiff also states that the Economic Loss Rule, Minn. Stat. § 604.10, does not bar the proposed amendments. And, according to Plaintiff, the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136, does not preempt state law property damage claims based on content in herbicide labels. Therefore, each of the proposed amendments would survive a Rule 12(b)(6) motion for dismissal. As a result, Plaintiff concludes that the Court should grant its motion.

Defendant does not object to Plaintiff's substitution of Dahlco Farms, Inc. as the real

party in interest in place of Dahlco Seeds, Inc. Defendant also does not object to Plaintiff's proposed additional claims based on futility. Rather than bringing individual piecemeal objections based on futility, Defendant states that it will make all such arguments in connection with a later motion for summary judgment.

Defendant, however, does object to the proposed additional claims based on prejudice. Defendant states that these additional claims are based on facts known to Plaintiff as early as the summer of 1999, and certainly on May 7, 2001, when the Complaint was filed. Because these claims were not discussed during the discovery that has already taken place, Defendant stresses that the negligent testing issue alone would now require the taking of additional corporate depositions, and further expert testimony. Moreover, with respect to the consumer fraud claim, Defendant states that Plaintiff's amended complaint fails to plead the alleged fraud with the specificity required by Federal Rule of Civil Procedure 9(b). Defendant also explains that the amended complaint fails to state how the allegedly misleading representations affected Plaintiff. Further, Defendant states that Plaintiff has failed to comply with Minn. Stat. § 325F.69, because, "Plaintiff has obviously not pled any individual reliance on the listed representations."

The Court grants Plaintiff's motion. Plaintiff has brought its motion within the Pretrial Scheduling Order deadline. Therefore, it is entitled to the Eighth Circuit's liberal standard for amending the pleadings. In addition, while there will likely be dispositive motions brought at a later point in time, both parties have indicated that there are factual issues still to be worked out beforehand. Although Defendant makes certain statements regarding the specificity of the pleadings, Defendant also explained in its motion papers, and again at oral argument, that at this point it is not opposing Plaintiff's motion on futility grounds. Instead, it will pursue those

arguments in a later summary judgment motion. Nevertheless, the Court observes that the Minnesota Supreme Court established that it is not necessary to plead individual consumer reliance in order to state a claim for damages under Minn. Stat. § 8.31, subd. 3a. See Group Health Plan, Inc. v. Philip Morris, Inc. 621, N.W.2d 2, 13 (Minn. 2001). Further, the issue of a factual nexus between Plaintiff's alleged reliance and corresponding injury is a matter to be resolved at trial, rather than at the pleading stage. Therefore, Plaintiff's motion should not be denied based on futility.

Adding the proposed claims will also not cause undue prejudice to Defendant. The present case can be readily distinguished from the cases Defendant cites in opposition to Plaintiff's motion. In Kinkead v. Southwestern Bell Telephone Co., 49 F.3d 454, 457 (8th Cir. 1997), the court denied a plaintiff's motion to amend after noting that "the passage of nearly two years between the filing of the complaint and the motion to amend suggests that the delay and prejudice to Southwestern Bell outweighed Kinkead's interests." In Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1995), trial was only two months away, and the Ninth Circuit further noted the trial court's finding that "[t]he parties have engaged in voluminous and protracted discovery.... Expense, delay, and wear and tear on individuals and companies count toward prejudice." And in Johnson v. Rogers, 551 F.Supp. 281, 284 (C.D. Cal. 1982) the court denied the amendment after finding that,

> Plaintiffs were necessarily aware of all the facts asserted in support of the RICO claims prior to filing the Complaint on May 20, 1981, the First Amended Complaint on June 23, 1981, and their opposition to defendants' motions to strike and to dismiss the First Amended Complaint on November 2, 1981. At no time prior to filing the Proposed Second Amended Complaint on January 28, 1982 did plaintiffs assert a RICO claim. Plaintiffs' sole

> justification for their eight-month delay in bringing the RICO claims is that they had not previously thought of them.

In the present case, Plaintiff brought its motion within the Pretrial Scheduling Order deadline, rather than unduly delaying. Plaintiff also has not waited until after dispositive motions were argued in this case to add its claims. Further, seven months remain before the deadline for completion of discovery, and both parties agree that significant discovery remains to be conducted. Therefore, adding the additional claims at this point will not cause duplicative discovery, or otherwise waste resources. Trial is also not due to take place until February 1, 2003. Hence, Defendant will have ample time to prepare to defend these claims. As a result, the Defendant will not be unduly prejudiced by the addition of Plaintiff's proposed claims. Therefore, the Court grants Plaintiff's motion.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's Motion to Amend its Complaint (Doc. No. 10) is **GRANTED**.

Dated: February 20, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge